**CULLEN AND DYKMAN LLP**
Bonnie Pollack, Esq.
Matt Roseman, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Fl.
Uniondale, New York 11553
(516) 357-3700
Email: bpollack@cullenllp.com
        mroseman@cullenllp.com

Michelle McMahon, Esq.
Michael Traison, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004
(212) 510-2296
Email: mmcmahon@cullenllp.com
        Mtraison@cullenllp.com

*Counsel for SPAC Recovery Co.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
                                                                  :
In re:                                                            : Chapter 11
                                                                  :
SPAC RECOVERY CO.,                                                : Case No. 25-12109 (JPM)
                                                                  :
                                                                  :
                            Debtor.                               :
                                                                  :
----------------------------------------------------------------- x

### MOTION OF CULLEN AND DYKMAN LLP
### TO WITHDRAW AS COUNSEL TO DEBTOR SPAC RECOVERY CO.

Cullen and Dykman LLP ("**C&D**"), the retained counsel of record for SPAC Recovery

Co., the debtor and debtor in possession (the "**Debtor**") in the above-captioned Chapter 11 case,

hereby submits this motion (the "**Motion**") for entry of an order substantially in the form annexed

hereto as **Exhibit A**, (i) authorizing C&D to withdraw as counsel of record for the Debtor in the

above-captioned Chapter 11 case pursuant to 11 U.S.C. §105(a), Local Rule 2090-1(e) and N.Y.

Rules of Pro. Conduct R. 1.16(c)(5) and (7), Rule 2090-1(e) of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Rules**"); (ii) set a status conference at the Court's earliest availability to address the hearing to confirm the Debtor's *First Amended Debtors Chapter 11 Plan Of Liquidation* [Dkt. No. 94] (the "**Plan**") and the deadlines set in the Court's order [Dkt. No. 98] (the "**DS Order**") approving the *First Amended Disclosure Statement For First Amended Debtors Chapter 11 Plan Of Liquidation* [Dkt. No. 95] (the "**Disclosure Statement**"); and (iii) granting such other and further relief as is just and proper. In support of this Motion, C&D submits the Declaration Of Michelle McMahon In Support Of Order To Show Cause Of Cullen And Dykman LLP To Withdraw As Counsel To Debtor SPAC Recovery Co. (the "**McMahon Decl.**") and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§1334(b) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(1).

2.      Venue of this Chapter 11 case and this Motion is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409. This motion is brought pursuant to Bankruptcy Code §105(a), Bankruptcy Rules 9010 and 9011, N.Y. Rules of Pro. Conduct R. 1.16(c)(5) and (7), and Local Rules 2090-1(e).

## FACTUAL BACKGROUND

3.      On September 26, 2026 (the "**Petition Date**"), SPAC Recovery Co., the debtor in possession (the "**Debtor**"), commenced this Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (the "**Bankruptcy Code**").

4.      C&D was retained by the Debtor prior to the Petition Date, and this Court approved C&D's retention on November 17, 2026 [Dkt. No. 42].

5.      This Court also approved procedures for interim compensation and reimbursement of expenses for retained professionals [Dkt. Nos. 8 and 31] (the "**Interim Compensation Procedures**"). Under the Interim Compensation Procedures, C&D may obtain interim allowance of eighty percent (80%) of its fees and one hundred percent (100%) of its expenses, which the Debtor is obligated to pay promptly following the expiration of the applicable objection period. *See* Dkt. No. 31, ¶ 2(e). C&D has complied with these procedures and sought and obtained interim approval of $$189,858.27 in fees and expenses incurred through the end of April 2026. McMahon Decl., Ex. 1.

6.      Since its retention, C&D has vigorously represented the Debtor in prosecuting this case and spent significant time and firm resources on its behalf. In the eight months this case has been pending, C&D has, among other things:

(a)      successfully defended a motion to dismiss this case;

(b)      overcame objections to and obtained approval for post-petition financing for this case;

(c)      resolved objections to and obtained approval of retention of special litigation counsel;

(d)      formulated and filed a Plan of Reorganization and Disclosure Statement;

(e)      resolved objections to and obtained uncontested approval of the Disclosure Statement and voting procedures;

(f)      filed objections to four disputed claims totaling almost $600 million in the aggregate; and

(g)      mailed Solicitation Packages to all creditors and equity security holders entitled to vote on May 7, 2026.

McMahon Decl., ¶6.

7.      As a result of C&D's efforts, the Debtor's Plan is scheduled for a hearing on its confirmation on June 25, 2026. *Id*.

8.      Despite these successes and the significant progress in this case the Debtor has refused to pay C&D's allowed fees and expenses despite having available post-petition financing. As set forth in detail in the McMahon Decl., C&D has complied with the Interim Compensation Procedures and is currently owed more than $189,000 in allowed and unpaid fees and expenses. McMahon Decl., ¶¶7-10 and Ex. 1. The Debtor has approximately $194,000 in unrestricted available DIP funds that it can draw to pay these expenses, but despite repeated requests has not done so in violation of the Interim Compensation Procedures Order. *See* McMahon Decl., ¶12 and Ex 1 and ¶5, *supra*.

9.      In addition, communications between the Debtor and C&D have broken down. McMahon Decl., ¶17. C&D has expressed concerns regarding significant aspects of this Case and upcoming deadlines, including those related to confirmation of the Plan. *Id.* The Debtor has not been substantive in its responses. C&D has been in consistent communications with the Debtor regarding the upcoming deadlines and requirements regarding confirmation of the Plan. *Id.* Unfortunately, the flow of information has been one way. *Id.* C&D is concerned that the Debtor is putting it in the untenable position of being unable to meet its obligations to the Court, and to the other parties in this case. *Id.*

10.      C&D has made every reasonable effort to resolve these issues to avoid disrupting the representation and the Case. McMahon Decl., ¶¶11, 14 and 18. The Debtor is apparently unwilling to meet its obligations to pay its allowed professional fees and expenses and appears unwilling or unable to provide critical support, information and communications regarding

confirmation of its own Plan. As a result the attorney client relationship has broken down and

C&D believes it is in the best interests of all parties that it be allowed to withdraw as counsel.

Further, C&D requests that the Court set a status conference at the Court's earliest availability to

address the hearing to confirm the Debtor's Plan and the deadlines set in the DS Order.

## DISCUSSION AND REQUESTED RELIEF

11.    Local Bankruptcy Rule 2090-1(e) provides that an attorney who has appeared as

attorney of record may withdraw "only by order of the Court for cause shown." Here, compelling

reasons exist for C&D's withdrawal. Section 105 of the Bankruptcy Code also empowers the Court

to enforce its own orders and issue any order that is necessary or appropriate carry out provisions

of the Bankruptcy Code and to hold such status conferences as are necessary.

12.    Under the New York Rules of Professional Conduct, an attorney may withdraw

from representing a client when the client "deliberately disregards an agreement or obligation to

the lawyer as to the expenses or fees." N.Y. Rules of Pro. Conduct R. 1.16(c)(5). An attorney may

also withdraw where "the client fails to cooperate in the representation or otherwise renders the

representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y.

Rules of Pro. Conduct R. 1.16(c)(7). Both of these provisions support C&D's request to withdraw.

13.    First, in violation of its obligations under Interim Compensation Procedures Order,

the Debtor is not paying C&D's allowed fees and expenses. Despite the significant progress

achieved in this Case, the Debtor has refused to pay C&D's allowed fees and expenses

notwithstanding having available post-petition financing. The Debtor has no justifiable reason for

not paying its allowed professional fees as directed by the Interim Compensation Procedures order.

14.    Second, communications between the Debtor and C&D have broken down. As

described in as much detail as C&D's obligations regarding client communications permit, the

McMahon Decl. set forth the bases for C&D's concern. McMahon Decl., ¶17. The Debtor is placing C&D in the untenable position of being unable to meet its obligations to this Court and to the other parties in this Case, including regarding upcoming deadlines related to the Plan. C&D has made every reasonable effort to resolve these issues to avoid disrupting the representation and has provided the Debtor with ample notice that continued failure to pay would result in C&D seeking leave to withdraw. McMahon Decl., ¶¶11, 14 and 18.

15. Thus, C&D seeks entry of an order, substantially in the form of Exhibit A hereto, pursuant to Bankruptcy Code §105(a), Bankruptcy Rules 9010 and 9011, Local Rule 2090-1(e), and N.Y. Rules of Pro. Conduct R. 1.16(c)(5) and (7) to (i) authorize C&D to withdraw as counsel of record for the Debtor in this Chapter 11 case; (ii) set a status conference at the Court's earliest availability to address the hearing to confirm the Plan and the deadlines set in the DS Order; and (iii) granting such other and further relief as is just and proper. In support of this Motion. C&D reserves all of its rights to seek payment of its allowed fees and expenses and allowance and payment of these fees and expenses on a final basis.

## NOTICE

16. C&D will provide this Motion to: (a) the Office of the United States Trustee; (b) the Debtor; and (c) all parties that have filed a notice of appearance in this case. Because of the nature of the relief requested herein, C&D submits that no other or further notice is necessary.

17. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, for the reasons set forth herein, C&D respectfully requests that this Court enter an order substantially in the form of the proposed order in Exhibit A, to (i) authorize C&D to withdraw as counsel of record for the Debtor in this Chapter 11 case; (ii) set a status conference at the Court's earliest availability to address the hearing to confirm the Plan and the deadlines set

in the DS Order; and (iii) granting such other and further relief as is just and proper. In support of this Motion.

Dated: May 27, 2026

           **CULLEN AND DYKMAN LLP**

           By: s/  *Michelle McMahon*
           Bonnie Pollack, Esq.
           Matt Roseman, Esq.
           The Omni Building
           333 Earle Ovington Blvd, 2nd Fl.
           Uniondale, New York 11553
           (516) 357-3700
           Email: bpollack@cullenllp.com
                     mroseman@cullenllp.com

           Michelle McMahon, Esq.
           Michael Traison, Esq.
           One Battery Park Plaza, 34th Fl.
           New York, New York 10004
           (212) 510-2296
           Email: mmcmahon@cullenllp.com
                     Mtraison@cullenllp.com

           *Counsel for SPAC Recovery Co.*

7

## CERTIFICATE OF SERVICE

I, Michelle McMahon, hereby certify that on May 27, 2026, a copy of the foregoing

Motion was served via first class U.S. mail on parties on the attached list and by the Court's ECF

System to all parties registered for such service.


By:   */s/ Michelle McMahon*
Michelle McMahon

**Master Service List**

Bonnie Pollack, Esq.
Matthew G. Roseman, Esq.
The Omni Building
333 Earle Ovington Blvd, 2nd Fl.
Uniondale, New York 11553

Michelle McMahon, Esq.
Michael Traison, Esq.
One Battery Park Plaza, 34th Fl.
New York, New York 10004

Ackrell BD
c/o O'Melveny & Myers LLP
1301 Ave of the Americas, Ste. 1700
New York, NY 10019

ACVT I, LLC
aka M. Ackrell
475 Marina Blvd.
San Francisco, CA 94123

Calabrese Consulting LLC
fka Albeck Financial Services
10519 Painted Crescent Ct.
Cypress, TX 77433

Continental Stock Transfer and Trust
Company
1 State Street, 30th Floor
New York, NY 10004

Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

DFIN Solutions
One Embarcadero Center Ste 200
San Francisco, CA 94111

Duff & Phelps sub of Kroll LLC
One World Trade Center
285 Fulton Street, 31st Floor
New York, NY 10007

Early Bird Capital
366 Madison Ave 8th Fl.
New York, NY 10017

Edgar Agents, LLC
207 W 25 Street, 9th Fl
New York, NY 10001

Ellenoff Grossman & Schole LLP
1345 Ave. of the Americas
New York, NY 10105

FS Global Credit Opportunities
Corp f/k/a FS Global Credit Op
10 E. 53rd Street
New York, NY 10022

Google LLC
1600 Amphitheatre Pkwy
Mountain View, CA 94043

Maynard Industries USA, Inc.
1301 West Long Lake Suite 250
Troy, MI 48098

Mike Ackrell
c/o O'Melveny & Myers LLP
1301 Ave of the Americas, 1700
New York, NY 10019

Motor City Law PLLC
Andrew Munro, Esq.
4704 16th Street, Suite A
P.O. Box 441847
Detroit, MI 48244-1847

Nixon Peabody LLP
Exchange Place
53 State Street
Boston, MA 02109-2835

9

Nomura Securities International
Worldwide Plaza
309 West 49th Street
New York, NY 10019-7316

North Atlantic Imports, LLC
d/b/a Blackstone Products
1073 W 1700 N
Logan, UT 84321

O'Melveny & Myers LLP
Two Embarcadero Ctr., 28th Fl.
San Francisco, CA 94111-3823

O'Melveny & Myers LLP
1301 Ave of the Americas, Ste 1700
New York, NY 10019

Orrick, Herrington & Sutcliffe
405 Howard St
San Francisco, CA 94105

UHY LLP
1185 Ave of the Americas, 38th Fl.
New York, NY 10036

United States Trustee's Office
Region 2
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Maeghan J. McLoughlin
Connie Y. Choe
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

NYS Dept. Taxation & Finance
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205-0300

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

United States Attorney's Office
Southern District of New York
Attention: Tax & Bankruptcy Unit
86 Chambers Street, Third Floor
New York, NY 10007

U.S. Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022

Michael S. Smiley
Samantha A. Espino
UNDERWOOD LAW FIRM, P.C.
500 S. Taylor, Suite 1200
Amarillo, Texas 79101

JENNER & BLOCK LLP
Attn: Douglas E. Spelfogel
Brian J. Fischer
Jenna E. Ross
1155 Avenue of the Americas
New York, New York 10036

Laura Metzger
Richard A. Jacobsen
Nicholas A. Poli
Michael Trentin
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, New York 10019

Curtis L. Tuggle, Esq.
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

Sean Gordon, Esq.
THOMPSON HINE LLP
3560 Lenox Road, Suite 1600
Atlanta, GA 30326